## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ROGER VINCENT GONZALES,**

    **Plaintiff,**

**v.**                        **CASE NO:**

**SKAR AUDIO, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROGER VINCENT GONZALES, (hereinafter "Plaintiff" or "Mr. Gonzales"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, SKAR AUDIO, INC. (hereinafter "Defendant," or "Skar Audio") and alleges:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, his former employer, seeking to recover damages for unlawful discrimination based on race and national origin as well as retaliation in violation of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and its implementing Regulations; and Chapter 760 of the

Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2.    As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him, altered the terms, conditions, and privileges of his employment because of his race and national origin, and retaliated against him in violation of his rights under Title VII and the FCRA.

3.    As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages including, but not limited to loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer the loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.    Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.    This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.    Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

## PARTIES

8.    Plaintiff is a 29-year-old Hispanic male of Mexican heritage.

9.    Plaintiff is a member of a class protected against discrimination and retaliation based on his race and national origin under Title VII and the FCRA.

10.    During the period from November 2022 until July 1, 2025, Defendant employed Plaintiff as a Senior Customer Service Representative.

11.    At all times material herein, Plaintiff met the definitions of

"employee" and "eligible employee" under all applicable federal and state statutes.

12.    At all times material herein, Plaintiff was an employee entitled to protection as defined by Title VII and the FCRA.

13.    The Defendant, SKAR AUDIO, INC., is a corporation engaged in Audio, Video & Photographic Equipment Manufacturing with a principal place of business located at 4924 W Waters Ave, Tampa, FL 33634, Hillsborough County, Florida.

14.    At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida, and employs fifteen (15) or more employees.

15.    At all times material herein, Defendant met, and continues to meet, the definition of "employer" under all applicable federal and state statutes including, but not limited to, Title VII and the FCRA.

16.    Accordingly, Defendant is liable under Title VII and the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

17.    Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18.    On July 18, 2025, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, race discrimination, national origin discrimination, and retaliation.

19.    On July 23, 2025, the EEOC issued Plaintiff a Notice of Right to Sue in reference to his Charge of Discrimination (EEOC Charge No. 511-2025-04102) against Defendant.

20.    More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring his FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

21.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22.    Roger Vincent Gonzales is a 29-year-old Hispanic male of Mexican heritage, born in Las Cruces, New Mexico on February 6, 1996.

23.    Mr. Gonzales is a high school graduate who attended college from August 2014 through December 2019. He is a legal citizen of the United States and has never been naturalized.

24.    On or about November 2022, Defendant hired Mr. Gonzales as a Senior Customer Service Representative at its Tampa, Florida location at 9700 18th St N, St Petersburg, FL 33716.

25.    Throughout his employment with Defendant, Mr. Gonzales reported directly to David Anthony Lopez, who served as his supervisor from November 2022 through July 2025.

26.    Mr. Gonzales was a dedicated and satisfactory employee who earned an annual compensation of over $83,000, including salary, bonuses, and expected commissions.

27.    During his employment, Mr. Gonzales had no history of disciplinary actions, write-ups, complaints, or HR-related issues prior to the incidents described herein.

28.    Despite regularly working over 40 hours per week, Defendant never paid Mr. Gonzales overtime compensation. Instead, Defendant consistently adjusted Mr. Gonzales' timesheets to show exactly 40 hours regardless of the actual time worked.

29.     Throughout his employment, Mr. Gonzales worked in an increasingly toxic work environment created and enforced by Defendant's CEO, Kevin Schlenker, who regularly used company Slack channels to publicly shame, humiliate, and threaten employees.

30.     On Thursday, June 26, 2025, Mr. Gonzales made a lighthearted remark about his Mexican heritage and eating Spam while growing up.

31.     Upon hearing Mr. Gonzales' comment about his Mexican heritage, Jonathan Ortiz, a coworker, became immediately aggressive and hostile toward Mr. Gonzales.

32.     Ortiz proceeded to berate Mr. Gonzales and repeatedly told him to "go outside," indicating that Ortiz wanted to physically fight Mr. Gonzales.

33.     During this hostile confrontation, Ortiz told Mr. Gonzales that he was "not a real Mexican," making a derogatory statement based on Mr. Gonzales' national origin and heritage.

34.     After verbally attacking Mr. Gonzales based on his race and national origin, Ortiz stormed into the cubicle of another coworker, Andrew Schiff.

35.     Ortiz then cornered Mr. Schiff, verbally abused him, and

physically shoved him in an act of workplace violence witnessed by Mr. Gonzales.

36.    Mr. Gonzales' supervisor, David Lopez, had to step in to physically separate Ortiz from Mr. Schiff to prevent further violence.

37.    The incident on June 26, 2025, created a hostile work environment for Mr. Gonzales based on his race and national origin, subjecting him to harassment, threats of violence, and witnessing physical assault by the same individual who had targeted him with racial slurs.

38.    On Sunday, June 29, 2025, Mr. Gonzales sent a detailed email to Defendant's HR representative, Britney Lara, formally reporting Ortiz's racial harassment against him, Ortiz's threats of physical violence, and Ortiz's physical assault against Andrew Schiff.

39.    Mr. Gonzales' complaint to HR was made in good faith and constituted protected activity under Title VII and the FCRA.

40.    Within 48 hours of Mr. Gonzales' complaint to HR, on Tuesday, July 1, 2025, Defendant terminated Ortiz's employment in response to the reported harassment and assault.

41.    However, later that same day on July 1, 2025, Ortiz met privately with CEO Kevin Schlenker and HR representative Britney Lara.

42.    During this private meeting, Ortiz showed Defendant's management six-month-old private text messages between Mr. Gonzales and his supervisor David Lopez in which they had vented about CEO Schlenker.

43.    These private text messages were completely unrelated to the harassment incident reported by Mr. Gonzales and had been sent approximately six months prior to the June 26, 2025 incident.

44.    At approximately 9:00 PM on July 1, 2025, Defendant terminated both Mr. Gonzales and his supervisor David Lopez without conducting any investigation, without interviewing either employee, and without any consideration of their employment history or satisfactory performance records.

45.    Defendant's decision to terminate Mr. Gonzales occurred within days of his protected complaint about racial harassment and was directly motivated by his report to HR.

46.    On Wednesday, July 2, 2025, just one day after terminating Mr. Gonzales for reporting racial harassment, Defendant reinstated Jonathan Ortiz to his position.

47.    CEO Kevin Schlenker posted publicly in the company Slack

channel that the terminations of Mr. Gonzales and Mr. Lopez were due to the private text messages, not performance issues, demonstrating that the stated reason for termination was pretextual.

48.    Defendant's actions in terminating Mr. Gonzales while reinstating his harasser sent a clear message that employees who report racial harassment will face retaliation while perpetrators of such harassment will be protected.

49.    As a direct result of Defendant's discriminatory and retaliatory conduct, Mr. Gonzales suffered the loss of his annual compensation of over $83,000, including salary, bonuses, and expected commissions.

50.    Mr. Gonzales has suffered and continues to suffer severe emotional distress, anxiety, stress, and insomnia as a direct result of the racial harassment and subsequent retaliation.

51.    Since his termination, Mr. Gonzales has not been employed and has been actively applying for positions, suffering ongoing financial harm and damage to his professional reputation.

52.    The workplace environment at Defendant's facility was characterized by numerous safety violations and poor working conditions, including lack of proper bathroom facilities, employees being forced to

perform manual labor outside the scope of their job descriptions, and unsafe working conditions during severe weather events including hurricanes.

53.    The unsafe and hostile working conditions were so severe that at least one formal OSHA complaint was filed against Defendant.

54.    Defendant's treatment of Mr. Gonzales demonstrates a clear pattern of disparate treatment based on race and national origin, as evidenced by the fact that the individual who committed racial harassment and physical assault was ultimately retained while the victim who reported the harassment was terminated.

55.    The temporal proximity between Mr. Gonzales' protected complaint on June 29, 2025, and his termination on July 1, 2025, establishes a clear causal connection between his protected activity and the adverse employment action taken against him.

56.    Defendant's stated reason for Mr. Gonzales' termination—six-month-old private text messages unrelated to the harassment incident—was pretextual and designed to mask the true retaliatory motive for his termination.

57.    At all times relevant herein, Mr. Gonzales was qualified for his position and performing his duties satisfactorily, making Defendant's

termination decision all the more indicative of discriminatory and retaliatory animus.

58.    Defendant's conduct toward Mr. Gonzales violated his rights under federal and state anti-discrimination and anti-retaliation laws and has caused him substantial harm for which he seeks redress through this action.

<u>COUNT I</u>
**VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT**
**Race Discrimination**

59.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 58 of this Complaint as though fully set forth herein.

60.    Plaintiff is a 29-year-old Hispanic male of Mexican heritage.

61.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

62.    Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts,

unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

63.    Plaintiff was subjected to discrimination by Jonathan Ortiz, who became aggressive and hostile toward Plaintiff after he made a lighthearted comment about his Mexican heritage.

64.    Ortiz told Plaintiff that he was "not a real Mexican," making a derogatory statement based on Plaintiff's race and heritage.

65.    Ortiz repeatedly told Plaintiff to "go outside," indicating that Ortiz wanted to physically fight Plaintiff based on his racial animus.

66.    The hostile work environment created by Ortiz's racially motivated conduct materially altered the terms and conditions of Plaintiff's employment.

67.    Defendant knew or should have known of the discrimination suffered by Plaintiff when he reported the incident to HR on June 29, 2025.

68.    Defendant violated Title VII by subjecting Plaintiff to discrimination because of his race by failing to take appropriate remedial action and instead terminating Plaintiff while reinstating his harasser.

69.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise

reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination against Plaintiff, deprived him of statutory rights under Title VII.

70.    Defendant's actions constitute discrimination in violation of Title VII.

71.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to his family and relationships, and other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, ROGER VINCENT GONZALES, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SKAR AUDIO, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its

implementing Regulations, discriminating against Plaintiff based on his race;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the discrimination to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D.    Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.      Award Plaintiff his attorneys' fees, reasonable expert witness

fees, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem

equitable, just, and proper.

## COUNT II
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
## National Origin Discrimination

72.      Plaintiff alleges, realleges, and incorporates by reference all

allegations set forth in each of the preceding Paragraphs 1 through 59 of this

Complaint as though fully set forth herein.

73.      Plaintiff is a Hispanic male of Mexican heritage and national

origin.

74.      At all times material herein, Defendant employed Plaintiff and

Defendant was an "employer" within the meaning of Title VII.

75.      Moreover, Defendant is a "person" within the meaning of Title

VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person"

within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes

one or more individuals, governments, governmental agencies, political

subdivisions, labor unions, partnerships, associations, corporations, legal

representatives,    mutual    companies,    joint-stock    companies,    trusts,

unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

76.     Plaintiff was subjected to discrimination by Jonathan Ortiz based on Plaintiff's Mexican national origin and heritage.

77.     After Plaintiff made a lighthearted comment about his Mexican heritage, Ortiz became hostile and told Plaintiff that he was "not a real Mexican," directly targeting Plaintiff's national origin.

78.     Ortiz's hostile and threatening behavior toward Plaintiff was motivated by Plaintiff's Mexican national origin and heritage.

79.     The hostile work environment created by Ortiz's conduct based on national origin materially altered the terms and conditions of Plaintiff's employment.

80.     Defendant knew or should have known of the national origin discrimination suffered by Plaintiff when he reported the incident to HR on June 29, 2025.

81.     Defendant violated Title VII by subjecting Plaintiff to discrimination because of his national origin by failing to take appropriate remedial action and instead terminating Plaintiff while reinstating his harasser.

82.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination against Plaintiff, deprived him of statutory rights under Title VII.

83.    Defendant's actions constitute discrimination in violation of Title VII.

84.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to his family and relationships, and other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, ROGER VINCENT GONZALES, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SKAR AUDIO, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, discriminating against Plaintiff based on his national origin;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the discrimination to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D.    Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.     Award Plaintiff pre- and post-judgment interest calculated at the

prevailing rate, as provided by law;

F.     Award Plaintiff his attorneys' fees, reasonable expert witness

fees, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem

equitable, just, and proper.

## COUNT III
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Retaliation

85.    Plaintiff alleges, realleges, and incorporates by reference all

allegations set forth in each of the preceding Paragraphs 1 through 59 of this

Complaint as though fully set forth herein.

86.    At all times material herein, Defendant employed Plaintiff and

Defendant was an "employer" within the meaning of Title VII.

87.    Moreover, Defendant is a "person" within the meaning of Title

VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person"

within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes

one or more individuals, governments, governmental agencies, political

subdivisions, labor unions, partnerships, associations, corporations, legal

representatives,    mutual    companies,    joint-stock    companies,    trusts,

unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

88.    On June 29, 2025, Plaintiff engaged in protected activity by filing a complaint with HR representative Britney Lara reporting racial harassment and national origin discrimination by Jonathan Ortiz.

89.    Plaintiff's complaint to HR was made in good faith and constituted protected activity under Title VII.

90.    Within days of Plaintiff's protected complaint, on July 1, 2025, Defendant took adverse employment action against Plaintiff by terminating his employment.

91.    The temporal proximity between Plaintiff's protected complaint on June 29, 2025, and his termination on July 1, 2025, establishes a clear causal connection between his protected activity and the adverse employment action.

92.    Defendant's stated reason for Plaintiff's termination—six-month-old private text messages unrelated to the harassment incident—was pretextual and designed to mask the true retaliatory motive.

93.    Defendant's retaliatory conduct is further evidenced by the fact that Jonathan Ortiz, the perpetrator of the harassment, was initially

terminated on July 1, 2025, but was reinstated on July 2, 2025, while Plaintiff, the victim who reported the harassment, remained terminated.

94.    A reasonable employee would have found Defendant's actions materially adverse because termination could well dissuade a reasonable worker from making or supporting a charge of discrimination.

95.    Defendant violated Title VII by retaliating against Plaintiff for engaging in protected activity.

96.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent retaliation against Plaintiff, deprived him of statutory rights under Title VII.

97.    Defendant's actions constitute retaliation in violation of Title VII.

98.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the

enjoyment of life, irreparable damages to his family and relationships, and other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, ROGER VINCENT GONZALES, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SKAR AUDIO, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, by retaliating against Plaintiff;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the retaliation to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation he has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by

Defendant's retaliatory conduct and actions pursuant to Title VII;

D.      Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.      Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT IV
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11**
**Race Discrimination**

99.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 59 of this Complaint as though fully set forth herein.

100.    Plaintiff is a 29-year-old Hispanic male of Mexican heritage and

is a member of a protected class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of his race.

101.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

102.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

103.   At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

104.   The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful discrimination based on Plaintiff's race.

105.   As his employer, Defendant was obligated to guard against the discrimination of Plaintiff by his co-workers, supervisors, managers, and

other agents of Defendant and to protect Plaintiff from discrimination in the workplace.

106.  Defendant violated the FCRA by, among other things, failing to promptly correct the discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to discrimination because of his race.

107.  Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

108.  The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived him of statutory rights under the FCRA.

109.  As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and

relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, ROGER VINCENT GONZALES, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SKAR AUDIO, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated the Florida Civil Rights Act, as amended, discriminating against Plaintiff based on his race;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the discrimination to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C. Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's discriminatory conduct and actions pursuant to the

FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT V
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11
### National Origin Discrimination

110.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 59 of this Complaint as though fully set forth herein.

111.    Plaintiff is a Hispanic male of Mexican heritage and national origin and is a member of a protected class under the FCRA, §§ 760.01-

760.11, Florida Statutes, by way of his national origin.

112.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

113.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

114.   At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

115.   The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful discrimination based on Plaintiff's national origin.

116.   As his employer, Defendant was obligated to guard against the discrimination of Plaintiff by his co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from discrimination in the

workplace.

117.   Defendant violated the FCRA by, among other things, failing to promptly correct the discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to discrimination because of his national origin.

118.   Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

119.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived him of statutory rights under the FCRA.

120.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and

relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, ROGER VINCENT GONZALES, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SKAR AUDIO, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the Florida Civil Rights Act, as amended, discriminating against Plaintiff based on his national origin;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the discrimination to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's discriminatory conduct and actions pursuant to the

FCRA;

D.      Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.      Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VI
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11
#### Retaliation

121.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 59 of this Complaint as though fully set forth herein.

122.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

123.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

124.   At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

125.   On June 29, 2025, Plaintiff engaged in protected activity by filing a complaint with HR representative Britney Lara reporting racial harassment and national origin discrimination by Jonathan Ortiz.

126.   Plaintiff's complaint to HR was made in good faith and constituted protected activity under the FCRA.

127.   Within days of Plaintiff's protected complaint, on July 1, 2025, Defendant took adverse employment action against Plaintiff by terminating his employment.

128.   The temporal proximity between Plaintiff's protected complaint on June 29, 2025, and his termination on July 1, 2025, establishes a clear

causal connection between his protected activity and the adverse employment action.

129. Defendant's stated reason for Plaintiff's termination—six-month-old private text messages unrelated to the harassment incident—was pretextual and designed to mask the true retaliatory motive.

130. Defendant's retaliatory conduct is further evidenced by the fact that Jonathan Ortiz, the perpetrator of the harassment, was initially terminated on July 1, 2025, but was reinstated on July 2, 2025, while Plaintiff, the victim who reported the harassment, remained terminated.

131. Defendant violated the FCRA by retaliating against Plaintiff for engaging in protected activity.

132. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent retaliation against Plaintiff, deprived him of statutory rights under the FCRA.

133. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and

future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, ROGER VINCENT GONZALES, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SKAR AUDIO, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the Florida Civil Rights Act, as amended, by retaliating against Plaintiff;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the retaliation to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation he has endured;

C.    Award compensatory damages to Plaintiff in an amount that

will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's retaliatory conduct and actions pursuant to the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 5th day of September 2025.

/s/ Jason W. Imler, Esq
Jason W. Imler
Florida Bar No. 1004422

Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com